## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GUM V. GUM.

### November 15, 1917.

1. JUDGMENTS AND DECREES—*Conclusiveness of Judgment—Collateral Attack—Judgment in Divorce Suit as to Property Rights of Parties.*—A decree in a suit for divorce in favor of a husband against his wife for desertion contained the following provision: "The court doth further adjudge, order and decree that the marital rights of each party to this suit in and to any property owned by the other party be and the same are hereby extinguished." After the death of the husband the divorced wife instituted suit claiming dower in the real estate of her divorced husband, and a distributive share of his personal estate.

   *Held:* That, the decree in the divorce suit was intended to exclude the wife's right to claim dower upon the death of the husband, or an interest in his personal estate; and, that the language used was adequate to that purpose; and, as the subject was within the jurisdictional power of the circuit court, and the parties were before the court, the decree in the divorce suit, which has never been reversed or annulled, must conclusively be presumed to be correct, and it cannot be collaterally assailed in the instant suit.

2. DIVORCE—*Property Rights of Parties—Section 2263, Code of 1904—"Estate."*—Code of 1904, section 2263, provides that the circuit court may not only grant decrees for divorce but "may make such further decree as it shall deem expedient concerning the estate and maintenance of the parties or either of them." It was argued that the contingent right of dower in the real estate, and the prospective right to a distributive share of the personal estate were not "estates," as that term is used in the statute.

   *Held:* That, while the contingent right of dower is not technically an estate but is a mere lien which may be released or relinquished, it is still a valuable property right, and the statute intended to confer upon the court the right not only to settle the status of the parties, but the future rights of each in the property of the other. Furthermore, the court has the right to make decrees concerning the estate of either party, and in

the instant case a decree extinguishing the marital rights of the wife in her husband's property concerns the estate of the husband as well as the contingent rights of the wife, and it would .seem clear from the very language of section 2263 that the court had this power.

3. DIVORCE A VINCULO—*Property Rights—Common Law.*—At common law, a divorce *a vinculo* could only be granted by the courts for a cause existing at the time of the marriage, and when the divorce was granted for such cause it avoided *ab initio* the property rights of the parties, so that there was neither dower nor curtesy in property then existing or thereafter acquired, and divorces for supervening causes could only be granted by act of parliament, which then became the law in the case.

4. DIVORCE A VINCULO—*Property Rights—Law in Virginia.*—In Virginia, where the divorce *a vinculo* determines the marriage *ab initio*, no marital right and consequently no right of dower or curtesy attaches, but where it is avoided for a supervening cause, and the marriage is void only from the date of sentence, it is said that, in the absence of any special provision in the sentence itself, dower and curtesy having attached already to the existing property of the parties are not as to that property impaired by the divorce.

5. DIVORCE A MENSA ET THORO—*Property Rights—Where Decree Contains no Provision—Common Law—Rule in Virginia.*—At common.law a decree *a mensa et thoro* had no effect on the property rights of the parties, as there was no dissolution of the bond of matrimony, and they still remained husband and wife; and the same is true in Virginia in the absence of any order in the sentence of divorce, unless the separation is made perpetual, and, if, in a divorce *a mensa et thoro*, the separation is made perpetual, then it operates like a divorce *a vinculo* in respect of *after acquired* property, barring the claim of dower or of curtesy as to such property.

6. DIVORCE A MENSA ET THORO—*Property Rights—Rule in Virginia—Under Section 2263, Code of 1904.*—Section 2263 of the Code of 1904 provides that whether the divorce be from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem expedient concerning the estate and maintenance of the parties, so that while the decree for a divorce *a mensa et thoro* does not affect the property rights of the parties if it is silent on that subject, yet the court may make such order with reference thereto as to it shall seem expedient. And as to existing property, the court has a

right under this section to settle the rights of each party in respect to the property of the other, and if need be to extinguish them.

7. DIVORCE—*Property Rights—Conclusiveness of Decree.*—The discretion given to the court under Code of 1904, section 2263, to settle the rights of each party in respect to the property of the other must not be exercised arbitrarily, but the court must be guided by law and established principles relating to the subject. But whether or not the discretion was properly exercised, or the power given by the statute was properly exerted, are questions that are concluded by the decree in the divorce suit.

Appeal from a decree of the Circuit Court of Highland county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Curry & Curry, John M. Colaw* and *J. H. May,* for the appellant.

*Timberlake & Nelson, Edwin B. Jones* and *L. Travis White,* for the appellee.

BURKS, J., delivered the opinion of the court.

Peter Gum obtained a divorse *a mensa et thoro* from his wife, Mary Etta Gum, by a decree of the Circuit Court of Highland county, on November 26, 1914, which decree, so far as it is necessary to recite it, is as follows:

"This cause came on this day to be again and finally heard in vacation upon the papers formerly read and upon the depositions of witnesses taken on behalf of both the plaintiff and defendant—the cause having been submitted to the court for decision at the last term upon the whole record, and was argued by counsel.

"Upon consideration whereof, it appearing to the court

from the evidence in this cause, independently of any admissions in the pleadings or otherwise, that the defendant on the 18th day of August, 1911, wilfully and without any just cause therefor deserted and abandoned the plaintiff, it is adjudged, ordered and decreed that the plaintiff be granted a divorce *a mensa et thoro* from the defendant.

"The court doth further adjudge, order and decree that the marital rights of each party to this suit in and to any property owned by the other party be and the same are hereby extinguished."

Peter Gum subsequently died on the 13th day of April, 1916. At the time of the decree above mentioned he was the owner of valuable real and personal property, which he continued to own until the time of his death. In July, 1916, the said Mary Etta Gum instituted this suit claiming dower in the real estate of the said Peter Gum, and a distributive share of his personal estate. The bill alleges that he owned no other real and personal estate at the time of his death except that which he owned at the time of the divorce. She files as exhibits with her bill a copy of the bill filed in the divorce suit, and also a copy of the final decree granting the divorce an extract from which has been hereinbefore set forth. No other portions of the record in the divorce suit are filed or introduced into the cause. In referring to the divorce suit in the present bill she avers that "the cause was much litigated," and the decree aforesaid shows that depositions were taken "on behalf of both the plaintiff and defendant." There was a demurrer to the bill in the instant case which was sustained, and from the decree sustaining said demurrer this appeal was allowed.

The complainant in her bill avers and charges "that provision in the aforesaid decree of divorce *a mensa et thoro*, that the marital rights of the parties to the said suit are extinguished, does not operate and is void as to property

that the said Peter Gum, complainant's husband, owned at the date of said decree," and her counsel, in their reply brief, say: "It is admitted by appellant that if the decree in the divorce suit annulled her contingent rights in the estate of her husband that then the instant suit cannot be maintained and the decree appealed from must be affirmed." The chief inquiry, therefore, is as to the validity of the decree in the divorce suit.

If the court had jurisdiction of the parties and of the subject matter, and the matter decided was within the issues, then there can be no question as to the conclusiveness of the judgment. That the court had jurisdiction of the parties in this case cannot be doubted, as it appears from the decree in the divorce suit that depositions were taken on behalf of the wife, and as she says in her bill, the cause was much litigated. Chapter 101 of the Code gives to circuit courts the most complete and ample jurisdiction over the whole subject of divorce, and section 2263 expressly provides that the court may not only grant decrees for divorces but "may make such further decree as it shall deem expedient concerning the estate and maintenance of the parties or either of them." It cannot be doubted from an examination of the various sections contained in chapter 101 of the Code that the court had complete jurisdiction of the suit for divorce, and to make such orders concerning the property and estate of either as it might deem expedient. It is said by counsel, however, that the question of her rights in the property of her husband were not put in issue by the divorce suit, and hence that the decree extinguishing her marital rights was to that extent a void decree. It must be borne in mind that we have before us nothing of the proceedings in the divorce suit except a copy of the bill and the final decree. The final decree indicates that the cause had been previously heard, as it begins by saying: "This cause came on this day to be *again*

and finally heard." Whether or not the defendant filed an answer, or what defense she made, or what the proof was does not appear, nor does it appear whether the complainant, by petition, motion or otherwise, asked for a decree settling the property rights of himself and wife. As none of these matters appear in this record, it must be presumed that the divorce suit was regularly and properly conducted, and that the court did not exceed its powers in making the final decree. "There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done until the contrary appears; this rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from the initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself without referring to the evidence on which it has been adjudged." *Voorhees* v. *Bank of U. S.*, 10 Pet. 449, 472, 9 L. Ed. 490.

Jurisdiction then having been acquired over the parties and the subject matter, every presumption is made in favor of the legality of the judgment when collaterally assailed. We have no means of ascertaining what proceedings were had in the divorce suit, except as shown by the exhibits filed with the bill in this suit, and as they do not disclose any defects in the decree which would render it void, it is presumed to be valid.

Whether or not it is necessary, in a suit for divorce, for the rights of either party in the property of the other to be put in issue by the pleadings in the cause, before the court can "make such further decree as it shall deem expedient concerning the estate and maintenance of the parties or either of them," it is unnecessary to decide. Upon this question we express no opinion.

It is further objected, however, that the decree in the

divorce suit does not bar the appellant from asserting her right of dower and to a distributive share of the personal property, because the contingent right of dower in the real estate, and the prospective right to a distributive share of the personal estate are not estates, and the statute only authorizes the court to make decrees concerning the estate of the parties or either of them. While contingent right of dower is not technically an estate but is a mere lien or charge which may be released or relinquished, it is still a valuable property right, and we do not doubt that the statute intended to confer upon the court the right not only to settle the status of the parties, but the future rights of each in the property of the other. Under the provisions of chapter 101, the court has ample power to grant to the wife suit money, maintenance pending litigation, support for children, alimony, and to make other decrees concerning the estates of the parties deemed expedient by the court, and nothing is more common than to charge these sums of money as liens on the property of the husband. Furthermore, the court has the right to make decrees concerning the estate of either party, and in the instant case a decree extinguishing the marital rights of the wife in her husband's property concerns the estate of the husband as well as the contingent rights of the wife, and it would seem clear from the very language of section 2263 that the court had this power.

At common law, a divorce *a vinculo* could only be granted by the courts for a cause existing at the time of the marriage, and when the divorce was granted for such cause it avoided *ab initio* the property rights of the parties, so that there was neither dower nor curtesy in property then existing or thereafter acquired, and divorces for supervening causes could only be granted by act of parliament, which then became the law in the case. In Virginia, where the divorce *a vinculo* determines the marriage *ab*

*initio,* no marital right and consequently no right of dower or curtesy attaches, but where it is avoided for a super-- vening cause, and the marriage is void only from the date of sentence, it is said that, in the absence of any special provision in the sentence itself, dower and curtesy having attached already to the existing property of the parties is not as to that property impaired by the divorce. As to di- vorces *a mensa et thoro,* at common law the decree had no effect on the property rights of the parties, as there was no dissolution of the bond of matrimony, and they still re- mained husband and wife; and the same is true in Virginia in the absence of any order in the sentence of divorce, un- less the separation is made perpetual, and, if, in a divorce *a mensa et thoro,* the separation is made perpetual, then it operates like a divorce *a vinculo* in respect of *after ac- quired property,* barring the claim of dower or of curtesy as to such property. 2 Minor's Inst. (2d ed.), pages 119- 120. Section 2263 of the Code, however, provides that whether the divorce be from the bond of matrimony or from bed and board, the court may make such further de- cree as it shall deem expedient concerning the estate and maintenance of the parties, so that while the decree for a divorce *a mensa et thoro* does not affect the property rights of the parties if it is silent on that subject, yet the court may make such order with reference thereto as to it shall seem expedient. There does not seem to be any doubt that, as to existing property—and the property in this case was in existence at the time of the decree for the divorce—the court has a right under this section to settle the rights of each party in respect to the property of the other, and if need be to extinguish them. In the instant case, the de- cree declares that the marital rights of each party to any property owned by the other, be and the same are hereby extinguished. We do not doubt that the court has power to enter such a decree in a divorce suit if the facts justify it.

It is true that the discretion given to the court by this statute must not be exercised arbitrarily, but the court must be guided by law and established principles relating to the subject, and that an equitable view should be taken of all the circumstances of the case. But whether or not the discretion was properly exercised, or the power given by the statute was properly exerted, are questions that are concluded by the decree in the divorce suit, which cannot be inquired into in this collateral proceeding. The view we have taken above of the power of the court in the divorce suit, to cut off the contingent interests of the wife in her husband's estate, is confirmed by the opinion of the court in the case of *Hartigan* v. *Hartigan*, 65 W. Va. 471, 64, S. E. 726, 131 Am. St. Rep. 973, 17 Ann. Cas. 728. A careful reading of this case discloses that upon this question the expression of opinion of the court is a *dictum.* But whether that is so or not is immaterial. Without regarding the case as at all controlling in the instant case, we think the court put the proper construction on the West Virginia statute, which is the same as ours.

We have no difficulty in arriving at the conclusion that the decree in the divorce suit, "that the marital rights of each party to this suit in and to any property owned by the other party be and the same are hereby extinguished," were intended to exclude the wife's right to claim dower upon the death of the husband, or an interest in his personal estate, and that the language used is adequate to that purpose, and, as the subject was within the jurisdictional power of the Circuit Court of Highland county and the parties were before the court, the decree in the divorce suit which has never been reversed or annulled is conclusively presumed to be correct, and it cannot be collaterally assailed in the instant suit. For these reasons the decree of the Circuit Court of Highland county should be affirmed.

*Affirmed.*