## Miller v. Miller.

(Decided October 19, 1923.)

### Appeal from Lewis Circuit Court.

1. Divorce—Evidence Insufficient to Show Cruel Treatment.—In wife's action for divorce for cruelty, held, that plaintiff failed to establish her cause of action.

2. Divorce—Property Rights Not Determined, Where Divorce Denied. —In an action for divorce, the respective rights of the parties in property which each of them helped to accumulate may not be determined, where no divorce is granted.

JOHN D. CARROLL, R. D. WILSON and SAMUEL J. PUGH for appellant.

S. S. WILLIS. J. P. STROTHER and A. D. COLE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The parties to this appeal were married in September, 1913, and lived together as husband and wife until May, 1920. In December of the latter year appellant filed a petition for divorce and alimony from appellee, charging that he had behaved toward her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace and happiness. On January 13th of the following year there was a reconciliation under a promise made by appellee, as appellant claims, to treat her right in the future, but the

parties separated again within two weeks, and appellant then filed an amended petition, adopting all the allegations of her original petition and alleging in addition thereto such cruel beating and attempt at injury as indicated an outrageous temper on the part of appellee and probable danger to complainant's life or great bodily injury to her from remaining with him.

The averments of the petition as amended were traversed and on the issues made proof was taken and the cause submitted. The chancellor in an elaborate opinion dismissed the cause, indicating that upon appellee's instituting a proceeding for divorce he would be entitled to it and to be adjudged the sole owner of a house and lot in Vanceburg, to which title had been taken in the names of both parties at the time the property was purchased. Appellant insists that the judgment is erroneous in that it denied her a divorce and the alimony incident thereto.

The wife was entitled to testify in support of the charges made in the petition. It may be said, however, that a large part of her testimony, as well as that given by appellee in rebuttal, is irrelevant. It is likewise true that much of the testimony introduced in support of their respective statements is incompetent, confusing and of no probative value. After a careful consideration of all the evidence, we are unwilling to say that it either sustains or disproves the grounds alleged. It does appear in the record that appellant is an industrious woman, and at the time of her marriage appellee owned property of the approximate value of $2,000.00. He was a tinner, and he worked industriously at his trade. The two opened a small grocery store in Vanceburg, which prospered to the extent that two or three years before this proceeding was instituted they had accumulated an estate of eight or ten thousand dollars. In the meantime a residence had been purchased which would have made them a comfortable home. They never occupied the residence but lived in two or three uncomfortable rooms above the grocery store, and the preponderance of the evidence shows that the wife not only did the cooking, housekeeping and a part of the time the washing, but also helped to run the store, thus materially assisting in accumulating appellee's estate.

Appellant claims that her husband was stingy and unwilling to allow her to purchase decent or even comfortable clothing; that he was surly, abusive, and not

only was not affectionate, but was disrespectful. There is other evidence supporting this view of his conduct. On the other hand he testified that he was kind and considerate, and was never abusive; and that she had a domineering personality to which he had submitted throughout their entire married life. There was likewise evidence to support this view of the relationship between them. The testimony as to what occurred at the time appellant says he struck her is contradictory. His claim, which is corroborated by some of the circumstances, is that he did not strike her, but merely prevented her from restraining him from getting some beer when in fact she wanted to get it herself.

It was shown without contradiction that for two or three years before the separation appellant made frequent trips away from home to visit a sister in West Virginia and another in Detroit; that she also made a trip to Oklahoma and one to Los Angeles, California, being away from home for five months on the latter occasion. The transportation expenses incident to these trips were taken from the cash drawer of the grocery store. Appellant says that the trips were made because of her ill health and with the view of consulting physicians or for a change of climate thought necessary to improve her health. The testimony of appellee and other witnesses indicates that her health was not poor; that she became obsessed with the idea that she could write scenarios for moving pictures or make money in some other line of that business, and that the purpose of her trip to California was to obtain employment as a writer of scenarios or as an actress in the moving pictures.

We are not impressed with appellant's explanation of her reasons for the frequent and extended visits made by her, and therefore we do not consider that she was free from fault in bringing about the breach between herself and her husband. Nevertheless we do not construe the evidence as placing full responsibility upon her for the breach, but regard it as showing that the husband was also largely responsible for the strained relations that existed between them. The evidence does not show that he was guilty of any act of physical violence toward appellant, but it does show a course of indifference and neglect that would cause a sensitive woman to be unhappy. It was his duty to furnish her with such a home and such clothing as his means would justify, and to treat her with respect; and, although the evidence introduced by him

tends to show that he did all this, there is, as we have observed, much evidence in the record to the effect that in each of these particulars he was derelict.

The trial court was of opinion that appellee was without fault. In this respect the opinion was largely based, as stated therein, on the court's knowledge of the parties and the witnesses. Giving to that finding all the weight to which it is entitled, we are yet unable to say that appellee was without fault, or was not equally responsible with appellant for the misunderstanding that arose between them. In view of this conclusion we feel constrained to hold that appellant failed to establish the cause of action asserted in the petition, and that the judgment dismissing the complaint should be affirmed. But it is our further view that there is no foundation in this record for the intimation that appellee is entitled to a divorce on the evidence adduced on this trial, or to be adjudged the sole owner of the residence to which appellant holds the title to an undivided one-half interest.

It is the policy of the law not to sever marital ties lightly, but rather to reconcile the differences of husband and wife and, if possible, bring them to a proper understanding of their duties to the relationship that they have voluntarily assumed. That the parties to this litigation can resume their marital relations on a basis of mutual forgiveness and helpfulness cannot of course be foreseen; the hope may be indulged, and at any rate their respective rights in the property which each of them helped to accumulate may not be determined in this proceeding. It is to be hoped that it will never become necessary to adjudicate those questions, but if it does, they will be determined as the rights appear in any proper proceeding that is had.

For the reason stated the judgment is affirmed.