## Richmond.

### JONES v. KIRBY.

November 18, 1926.

Upon petition for appeal.

1. CURTESY—*Husband who has Obtained a Divorce a vinculo not Entitled to Curtesy.*—A husband who has obtained a divorce *a vinculo* from his wife is not entitled to curtesy as tenant by curtesy in land owned by his wife at the time of the divorce, where the decree says nothing as to the property rights of the parties.

2. CURTESY—*Tenant by Marital Right—Married Woman's Act.*—The right of the husband as tenant by marital right and tenant by curtesy initiate have been taken away by the married woman's act (Code of 1919, sec. 5134), and no right by curtesy consummate could accrue after divorce; the latter right being dependent on the death of the wife.

Petition for appeal from a decree of the Law and Equity Court of the city of Richmond.

*Appeal refused.*

The opinion states the case.

*Pollard & Smith*, for the petitioner.

Upon petition for appeal.

BURKS, J., delivered the opinion of the court.

The facts of the case, so far as they need be stated, are as follows:

"James Robert Cole and Armenia E. Cole were

married on December 22, 1892, and of such marriage there are two living children. By deed, dated April 15, 1920, Grover C. Dula and wife conveyed to the said Armenia E. Cole, in consideration of the sum of $47,000, paid in cash, the handsome suburban residence located in Henrico county, Virginia, near the city of Richmond, and designated as Lot No. 1 in the plan of Westmoreland Place. At the time such property was so acquired by said Armenia E. Cole, she was the wife of said James Robert Cole, but thereafter by a decree of the Second Judicial District Court of the State of Nevada, in and for the county of Washoe, entered on the sixth day of October, 1925, in the suit of *James Robert Cole* v. *Armenia E. Cole,* the said James Robert Cole was granted a divorce from the said Armenia E. Cole on the grounds of cruelty and desertion. By the terms of said decree, the said marriage was dissolved and declared to be forever at an end, and the said parties restored to the status of unmarried persons, but said decree made no mention of the property rights of the parties. At the time of the entry of said decree both of the parties were the owners of valuable parcels of real estate in the city of Richmond and the county of Henrico, Virginia. There is no question as to the validity of the decree of the Nevada court, both parties having appeared therein by counsel and in person."

[1] The question involved is whether or not a husband who has obtained a divorce *a vinculo* from his wife is entitled to curtesy as tenant by curtesy in land owned by his wife at the time of the divorce, where the decree says nothing as to the property rights of the parties. The judge of the trial court decided that the husband had no rights in the property of the wife.

The petition is based upon a paragraph taken from the opinion in *Gum* v. *Gum*, 123 Va. 32, 38-9, 94 S. E. 177, 179. The question here involved was not involved in the *Gum Case*. What was said in the *Gum Case* was nothing more than substantially a quotation from what was said in 2 Minor, which is cited in support of what was said in the opinion. The opinion says: "*It is said* that in the absence of any special provision in the sentence itself, dower and curtesy having attached already to the existing property of the parties, is not as to that property impaired by the divorce." In 2 Minor's Inst. (2d ed.), page 120, Mr. Minor, in speaking of the effect of the marriage being annulled for a supervenient cause, first gives the common law doctrine as stated in the opinion in the *Gum Case*, and next gives the "doctrine in Virginia." Under this head he says, "The marriage having been for a time a valid and subsisting marriage, it is supposed that, in the absence of any *special order to the contrary* in the sentence of divorce, all the marital rights (including *dower and curtesy*) which have *already attached* to the *existing property* of the parties, remain unimpaired." What was said in the opinion in the *Gum Case* was a mere reference to what was said by Minor above. The court had no intention of passing on the question here involved nor to in any way qualify the holdings in *Porter* v. *Porter*, 27 Gratt. (68 Va.) 599; *Harris* v. *Harris*, 31 Gratt. (72 Va.) 13; or *Cralle* v. *Cralle*, 79 Va. 182.

[2] The decision of the trial court is in conformity with the holding in the cases just cited, and is plainly right. The right of the husband as tenant by marital right and tenant by curtesy initiate have been taken away by the married woman's act (Code, section 5134), and no right by curtesy consummate could there-

after accrue; the latter right being dependent on the *death of the wife.*

The appeal is therefore refused.

*Refused.*