# Richmond.

## J. K. McCotter v. Belle E. Carle.

### December 22, 1927.

1. Former Adjudication or Res Adjudicata—*Action by Divorced Wife Against her Former Husband—Plea that Plaintiff was Barred by Decree in Suit for Divorce—Case at Bar.*—The instant case was an action by a divorced wife against her former husband for money for which she claimed he was indebted to her. Defendant entered a plea of former adjudication and vouched the record in the divorce suit. Nothing could be found in this record upon which reliance could be had for the contention that it had the effect of a former judgment and estopped the plaintiff in the instant case. The bill contained the usual recitals as to the marriage and the jurisdictional essentials, alleged that the defendant deserted the plaintiff, and concluded with the statement that at the time of the marriage both defendant and plaintiff possessed real estate situated in Virginia. The prayer of the bill made no reference to any property rights of the parties except such as arose out of the marriage. No alimony was decreed, nor were the property rights of the parties decreed upon.

   *Held:* That the claims in the instant case were in no way in issue, nor involved, nor passed upon in the divorce suit.

2. Equity—*Jurisdiction—Complete Relief.*—When a court of equity has acquired jurisdiction of a case on any equitable ground, it will proceed to grant complete relief, even to the extent of enforcing legal rights.

3. Former Adjudication or Res Adjudicata—*Estoppel as to Matters which Might have been Litigated.*—When a subsequent case is between the same parties and upon the same cause of action, judgment in the former case estops the parties as to all matters litigated or which might have been litigated in the former suit.

4. Former Adjudication or Res Adjudicata—*Judgment in Divorce Case not a Bar to Action for Debt by Divorced Wife—Estoppel as to Matters that might have been Litigated—Equitable Jurisdiction—Case at Bar.*—The instant case was an action by a divorced wife against her former husband for a debt. The defendant pleaded former adjudication and vouched the record of a divorce suit in which a divorce had been denied the wife. It was argued for the defendant that in the divorce suit an issue was joined upon the claim as-

serted by the plaintiff in the instant case, and though no evidence was adduced in respect to it, yet as the court found that plaintiff had failed to establish a case entitling her to the relief prayed for by the bill, this was an adjudication, conclusive upon the parties not only as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation.

*Held:* That the court having denied the divorce, the property rights of the parties in no sense constituted demands, which properly belonged to the subject of the controversy and might have been litigated. Therefore, the decree in the divorce suit was not a bar to the present action. Nor did the court of equity acquire jurisdiction of the divorce suit upon any equitable grounds; its jurisdiction was entirely statutory.

5. DIVORCE—*Proceedings in Rem—Equitable Jurisdiction.*—A suit for divorce is in its essence and character qualifiedly a proceeding in *rem,* and is very different from a transitory cause of action, and does not involve an appeal to the general jurisdiction of the equity forum.

6. DIVORCE—*Power to Grant—Inherent Jurisdiction of Law or Equity—Jurisdiction Statutory.*—Power to grant divorces originally resided in the legislature; neither the law courts nor the equity courts have any inherent power to dissolve marriage, and the authority in any court to decree a divorce is purely statutory.

7. DIVORCE—*Jurisdiction—Chapter 205 of the Code of 1919—Divorce Cases Differentiated from Ordinary Suits in Equity.*—Chapter 205 of the Code of 1919, enacted in obedience to the mandate of section 63 of the Constitution of 1902, provides that every court "exercising chancery jurisdiction" shall have jurisdiction of divorce suits. The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case *sui generis.* The divorce jurisdiction is derived solely from the statute.

8. DIVORCE—*Property Rights—Adjudication Independent of an Award of the Divorce—Divorce Denied.*—Although woman is now largely freed from all marital disabilities in respect to her separate property and legal rights, and can under proper circumstances maintain an action against her husband in connection therewith, still such an action or assertion of property right cannot be interjected into a divorce suit, and be validly adjudicated independent of and without reference to the award of the divorce. When a divorce is not decreed, the power of the court to consider in any respect the estates or property rights of the parties, whether between themselves or otherwise, is nonexistent, in the absence of a grant to the courts of express power to decree as to the property of the parties.

9. DIVORCE—*Property Rights—Adjudication where Divorce is Denied—Former Adjudication or Res Adjudicata—Case at Bar.*—In the instant

case a divorced husband was sued by his former wife for debts con-
tracted before marriage. Plaintiff pleaded former adjudication and
vouched the record in a prior suit for divorce in which the divorce
had been denied.

    *Held:* That the plea could not be sustained as the divorce was denied,
and the court rightly refrained from considering or passing upon any
independent cause of action between the parties.

10. DIVORCE—*Decree as to Property Rights—Where Divorce is Denied and
where Divorce is Granted.*—Under the Virginia statute, decreeing
as to the property rights of the parties is a mere incident of the
granting of a divorce, whether such decree is asked for in the plead-
ings or not, but it is not an incident of the denying of a decree of
divorce.

Error to a judgment of the Circuit Court of the city
of Hopewell, in a proceeding by motion for a judgment
for money. Judgment for defendant. Plaintiff assigns
error.

                                  *Affirmed.*

The opinion states the case.

*J. Toomer Garrow* and *Chas. T. Morris,* for the plain-
tiff in error.

*Archer L. Jones,* for the defendant in error.

CRUMP, P., delivered the opinion of the court.

Belle E. Carle secured a verdict and judgment against
J. K. McCotter for $500.00 in June, 1926. The parties
will be referred to according to their respective posi-
tions as plaintiff and defendant in the lower court.

The plaintiff brought her action in March, 1926, by
notice of motion against McCotter, in which it was
claimed that he was indebted to her in the sum of
$1,217.00 and interest. Filed with the notice of motion
was the following account of the items claimed:

"By cash loan to purchase automobile     $     317.00
"By cash loan to pay five notes in the
    sum of $64.00 each_____     320.00
"By cash loan_____     40.00
"Rent for room for three years at an
    agreed price of $10.00 per month_____     360.00
"Rent for office at $5.00 per month for
    three years_____     180.00
    "Total_____     $1,217.00"

The items consist of an alleged advance on the purchase of an automobile, of cash advanced to pay certain notes of the defendant, of a further loan of $40.00, and of certain monies due from the defendant as rent.

It appears from the evidence that Belle E. Carle, at the time a widow, was married to the defendant McCotter in August, 1922, and that by a decree of the Corporation Court of Hopewell on July 11, 1925, she was granted a divorce from bed and board from him, which was subsequently, by a decree of December 15, 1925, merged into and made a decree of divorce from the bond of matrimony, with leave to the plaintiff to abandon the name of McCotter and to resume her former name of Mrs. Belle E. Carle.

The transactions out of which the debts alleged to be due arose, occurred prior to the marriage of the parties in 1922. An automobile was purchased in December, 1920, the title to which was transferred to McCotter, who executed the deferred payment purchase notes, but with the agreement that Mrs. Carle was to pay one-half of the purchase money, and the car was to become their joint property. It was out of the purchase of this automobile that the first two items of the account originated. There was some insistence in argument on behalf of plaintiff in error that the purchase of the automobile and the dealings of the

parties concerning its use constituted a partnership. It is sufficient to say that the testimony clearly establishes that the automobile was bought and used as joint property, and there is no fundation for the contention that there existed a partnership between the parties in this regard.

There was considerable testimony, much of the evidence being in conflict, and the verdict of the jury was conclusive upon the merits of the case, with the exception of the defense of former judgment or *res judicata* which was disallowed by the trial court.

In a formal plea of former judgment, the defendant vouched the records in two prior chancery cases between the same parties, the plea being accompanied by a copy of the complete record in each of these cases. The earlier case was a divorce suit brought by Mrs. Carle, then Mrs. McCotter, against her husband, the present defendant in the instant case, in which suit she prayed for a divorce from the bond of matrimony, which was denied by a final decree of October 14, 1924, dismissing the bill. The record in the second case discloses also a divorce suit between the parties, in which Mrs. Carle filed a bill in April, 1925, praying for a divorce on the ground of desertion; in this case she was awarded a divorce from bed and board, which was enlarged into divorce from the bond of matrimony by a final decree in December, 1925.

These two prior chancery causes were between the same parties, and it is insisted on behalf of the defendant that in one or both of these cases a cause of action was alleged identical, totally or partially, with the cause of action in the instant case, and that the final decree in one or both of the cases involved an adjudication upon the claims set up by the plaintiff in the instant case, and therefore she is barred or estopped from asserting them.

The sufficiency of the plea, and the former records mentioned, to sustain any defense under the principles of the doctrine of *res judicata* has been fully argued here, and we will pass upon the questions presented in argument, without reference to other reasons assigned by the trial court for rejecting the plea and refusing to allow the defense tendered thereby.

The general principles of the doctrine of *res judicata*, under which a party becomes barred, because he is concluded by a former record and judgment between the same parties upon the same cause of action, or is estopped to assert a matter in issue and adjudicated in a former case though not upon the same cause of action, have been so frequently before the court of last resort in this State, and so often considered, that we may regard them as too familiar for restatement. We may refer, among the later cases, to *Harris* v. *Sparrow*, 146 Va. 747, 132 S. E. 694; *Brunner* v. *Cook*, 134 Va. 266, 114 S. E. 650; *Smith* v. *Holland*, 124 Va. 663, 98 S. E. 676; *Ivey* v. *Lewis*, 133 Va. 122, 112 S. E. 712; *American Surety Co.* v. *White*, 142 Va. 7, 127 S. E. 178; *City of Richmond* v. *Davis*, 135 Va. 319, 116 S. E. 492, and *Craig* v. *Craig*, 118 Va. 284, 87 S. E. 727.

[1] Considering first the record in the second divorce suit, in which there was a final decree in December, 1925, we find nothing therein upon which reliance can be had for the contention that it has the effect of a former judgment and estops the plaintiff in the instant case from asserting her claim against the defendant. The bill contains the usual recitals as to the marriage and the jurisdictional essentials, alleges in ample terms that the defendant deserted and abandoned the plaintiff; and concludes with this paragraph, just preceding the prayer, "Your complainant further would show unto your Honor that she was at the time of the mar-

riage to the said defendant possessed of certain real estate situated in the State of Virginia and elsewhere, and that the said defendant was possessed of certain real estate situated in the State of Virginia and elsewhere." The prayer of the bill makes no reference to any property rights of the parties except such as arose out of the marriage. The defendant did not appear nor answer and the cause was heard on oral testimony in open court, which was not reduced to writing. In neither the bed and board decree nor in the final decree from the bond of matrimony was any alimony decreed nor the property rights of either of the parties considered or decreed upon. The effect of the decrees upon the respective properties of the parties and their marital rights were such, and only such, as the law affixed. *Gum* v. *Gum*, 122 Va. 32, 94 S. E. 177; *Jones* v. *Kirby*, 146 Va. 109, 135 S. E. 676. The claims asserted in the instant case were in no way in issue, nor involved, nor passed upon in that divorce suit, and the record lends no support to the assertion that the cause of action there was in any respect the same as in the instant case.

The other divorce record shows that in a bill filed in December, 1922, Mrs. Carle (then Mrs. McCotter) prayed for a divorce from the bond of matrimony upon one of the grounds designated by section 5103 of the Code as causes for the complete severance of the marriage tie. The bill states, in enumerated clauses, the plaintiff's case for a divorce, and as to her property contains the following:

"That the said J. Kenneth McCotter now has in his possession, and refuses to deliver to your complainant, certain personal effects of your complainant, consisting of one purse, with a small amount of gold money therein, and a bundle of valuable papers, consisting of

deeds, life insurance policies, fire insurance policies, etc.; and that in addition to the foregoing the said J. Kenneth McCotter owes to your complainant the sum of six hundred dollars, advanced by her at his instance and request, on the purchase price of one Ford automobile, which should be repaid."

The prayer of the bill has the usual requests, among them "and that he may be required to pay to your complainant the amount of money due to her as above mentioned;" and concludes with the prayer for general relief. The defendant filed a brief answer merely denying in general terms the allegations of the bill. The only evidence taken was that of several witnesses on behalf of plaintiff, and their testimony bore solely upon the establishment of the ground assigned for a divorce from the bond of matrimony. Upon the final hearing the court decreed that the plaintiff "had failed to establish a case entitling her to the relief prayed by the bill," and dismissed the bill.

The statement in the bill as to the sum of $600.00 advanced to the defendant, on the purchase of an automobile, is doubtless a reference to the same claim against the defendant appearing in the first two items of the account in the instant case.

[2, 3] It is contended on behalf of the defendant, as plaintiff in error, that it is settled doctrine in Virginia that, when a court of equity has acquired jurisdiction of a case on any equitable ground, it will proceed to grant complete relief, even to the extent of enforcing legal rights. Such a principle is established and recognized. *Brown* v. *Ford*, 120 Va. 233, on page 247, 91 S. E. 145. It is then argued that in the former suit an issue was joined upon the claim asserted by the plaintiff in the bill, and though no evidence was adduced in respect to it, yet as the court found that the plaintiff

had failed to establish a case entitling her to the relief prayed for by the bill, this was an adjudication by final decree, conclusive upon the parties not only as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation whether in terms passed upon or not. We agree that when a subsequent case is upon the same cause of action, the former judgment estops the parties as to all matters litigated or which might have been litigated—as held in *Brunner* v. *Cook, supra,* and *Harris* v. *Sparrow, supra.*

[4] The difficulty of the application of these propositions or this line of argument, in the instant case, lays in the fact that the two basic premises upon which the argument rests are failing in the instant case. In the first place the court of equity did not acquire jurisdiction of the divorce suit *upon any equitable grounds;* its jurisdiction was entirely statutory and limited. In the next place, the court *having denied the divorce,* the property rights of the parties in no sense constituted demands, which properly belonged to the subject of controversy and might have been litigated.

[5] A suit for divorce is in its essence and character qualifiedly a proceeding in *rem,* and is very different from a transitory cause of action, and does not involve an appeal to the general jurisdiction of the equity forum. 2 Schouler on Domestic Relations (6th ed.) page 1924.

[6, 7] In Virginia, as in most of the States, it is an accepted doctrine, that, following the English theory of this branch of our jurisprudence, power to grant divorces originally resided in the legislature, that neither the law courts nor the equity courts have any inherent power to dissolve marriage, and that the authority in any court to decree a divorce is purely statutory.

Consequently in section 63 of the Virginia Constitution the legislature was directed to confer power upon the courts to grant divorces. Chapter 205 of the Code of 1919, as also similar legislation in previous Codes, has its place in our statutory law in obedience to the mandate of the Constitution. The statute (section 5105) provides that every court "exercising chancery jurisdiction" shall have jurisdiction of divorce suits. The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case *sui generis*.

That the divorce jurisdiction is derived solely from the statute is held in *Blakenship* v. *Blakenship*, 125 Va. 575, 100 S. E. 538; *Chandler* v. *Chandler*, 132 Va. 418, 112 S. E. 856; *Richardson* v. *Richardson*, 8 Va. Law Reg. (N. S.) 257.

In the *Blakenship Case* the court refers to the principles governing the exercise of a new jurisdiction created by statute, enunciated in such cases as *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 70 S. E. 545, and *Brenham* v. *Smith*, 120 Va. 30, 90 S. E. 657, and applies them to divorce suits. Mr. Lile says, Equity Pl. & Pr. (1922 ed.), sec. 18: "Such jurisdiction is generally termed a limited statutory jurisdiction. Here the bill must affirmatively allege, and the plaintiff must prove the jurisdictional facts; and the jurisdiction may be legally exercised only in substantial compliance with the statute—otherwise the case is *coram non judice;* and in spite of the consent or waiver of the defendant, any decree therein entered, beyond dismissal of the bill, is void whenever and wherever questioned."

It may be affirmed of our statute, as was said in *Barker* v. *Dayton*, 28 Wis. 367:

"It is an undoubted general principle of the law of

divorce in this country that the courts either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised."

[8] Our conclusion is that although woman is now largely freed from all marital disabilities in respect to her separate property and legal rights, and can under proper circumstances maintain an action against her husband in connection therewith, still such an action or assertion of property right cannot be interjected into a divorce suit, and be validly adjudicated independent of and without reference to the award of the divorce.

[9] The court in the instant case denied the divorce, and rightly refrained from considering or passing upon any independent cause of action between the parties.

Section 5111 of the Code confers this power on the divorce court "upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem expedient concerning the estate or maintenance of the parties, or either of the, &c, &c."

This language bestowing the power to consider the estates of the parties in a divorce suit is unmistakable in its effect and purpose. And it follows as a necessary corollary from what has already been held in this opinion that the authority to deal with the property rights of the husband and wife or either of them is limited to the decreeing of a divorce, and is denied to

the court when the application for the divorce is altogether refused.   However broad an interpretation may be placed upon the "estate of the parties," it is clear that, when a divorce is *not decreed*, the power of the court to consider in any respect the estates or property rights of the parties, whether between themselves or otherwise, is nonexistent.

It is generally held that, under the enabling statutes, the courts in the absence of the grant of express power have no authority to decree upon the estate or property of the parties, when the divorce is refused.   19 Corpus Juris 332; *Towns* v. *Towns*, 171 Wis. 32, 176 N. W. 216; *Miller* v. *Miller*, 200 Ky. 648, 255 S. W. 101; *Burns* v. *Burns*, 59 Tex. Civ. App. 549, 126 S. W. 333, and *Hoellinger* v. *Hoellinger*, 38 N. Dak. 639, 166 N. W. 519.

[10] In *McCormick* v. *McCormick*, 100 Kan. 585, 165 Pac. 285, the statute gave the court a discretionary power to make an equitable division of their property though the divorce was denied.   The court there held that such a division was a mere incident of the refusal of a divorce, and in such event the court could consider such a division whether or not it was mentioned in the pleadings.   Under our statute, decreeing as to the property of the parties is a mere incident of the *granting* of a divorce, whether such decree is asked for in the pleadings or not.

The conclusion that the discretionary authority to decree as to the estates of the parties is confined to cases in which a divorce is granted is a direct result of our statute, and is in harmony with the general treatment of cognate matters in the Virginia cases such as *Gum* v. *Gum*, 122 Va. 32, 94 S. E. 177; *Barnes* v. *American Fertilizer Company*, 144 Va. 692, 130 S. E. 902; *Jones* v. *Kirby*, 146 Va. 109, 135 S. E. 676; *Brinn*

v. *Brinn*, 147 Va. 277, 137 S. E. 503; whether or not
"the estates of the parties" involve only marital rights
in the property of each other, or also independent
property rights and claims of the one against the other.

It is manifest that, in the divorce record under
review, the court, upon refusing the divorce, properly
considered the money claim against the husband
mentioned in the bill, as a suggestion concerning the
estates of the parties only to be taken into account in
the event the divorce was granted and as a mere
incident to the divorce; and this was correct.

For these reasons we are of opinion that the plea of
*res judicata* in the instant case made no showing of a
defense of former judgment, and the court was not in
error in rejecting it.

The judgment will, therefore, be affirmed.

*Affirmed.*