COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia


CHRISTOPHER DAVID McGINNIS

v.        Record No. 0678-18-2

NADINE ANNE McGINNIS

OPINION BY
JUDGE RANDOLPH A. BEALES
DECEMBER 11, 2018

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Alexandra D. Bowen (Bowen Ten Cardani, PC, on brief), for
appellant.

Sarah J. Conner (Rick A. Friedman, II; Mary Ashby Brown;
Jillian M. Smaniotto; Friedman Law Firm, P.C., on brief), for
appellee.

Christopher David McGinnis ("husband") appeals the final decree of divorce of the

Circuit Court of Chesterfield County awarding Nadine Anne McGinnis ("wife") a lump sum

award of $150,000 in "equitable restitution."  On appeal, husband contends that the circuit court

erred in making this monetary award because of "the absence of any legal authority for such an

award incidental to a divorce."

PUBLISHED

On appeal, we are required to view the facts in the light most favorable to wife because she was the prevailing party before the trial court on this issue. See Wright v. Wright, 61 Va. App. 432, 451, 737 S.E.2d 519, 528 (2013). So viewed, the evidence shows that husband and wife were married on April 20, 1996. Two children were born to the marriage – one in 2010 and one in 2012. Wife, a graduate of Virginia Commonwealth University with a fine arts degree, worked as a graphic designer until 2010 when the parties' oldest child was about three months old. Husband was the sole shareholder of a profitable printing business named "Digital Ink."

The parties separated in June 2013, and wife filed for divorce on July 15, 2013, alleging that husband had committed adultery. After the filing, the parties litigated issues relating to the divorce, child custody, child support, and spousal support at various hearings for the next several years.

On September 27, 2017, the parties appeared before the Circuit Court of Chesterfield County with the intention of resolving and finalizing all the outstanding matters relating to the divorce. At the time of the hearing, both husband and wife had filed for bankruptcy. Husband's printing business, Digital Ink, had suffered a financial downturn, and the assets of that business had been acquired by a business named "BMST," where husband stated that he was working as an employee. The marital residence had been foreclosed upon (and later purchased by one of BMST's investors and his wife). As a result of these and other changed circumstances, the trial judge stated at the beginning of the hearing, "I don't have any proposed schemes of equitable

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record for purposes of resolving the issues raised by appellant husband. Evidence and factual findings below that are necessary in order to address the assignments of error on appeal are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1, 805 S.E.2d 775, 777 n.1 (2017).

distribution and I'm assuming [that is] because there's nothing but debt to distribute." Wife's

counsel then informed the circuit court that, as a result of the lack of marital assets and the

parties' bankruptcies, wife was "not asking the Court to hold onto equitable distribution or

reserve it." Wife's counsel stated that wife was, in fact, "waiving equitable distribution."

Most of the September 27, 2017 hearing consisted of counsel's arguments on the amount

of spousal support that the circuit court should award to wife. Both attorneys relied on the

depositions of the parties and other witnesses taken in August and September 2017 to support

their contentions. Wife's counsel requested both a periodic and lump-sum award of spousal

support. She argued that, since the separation, husband had spent an "exorbitant amount of

money on jewelry" and expenses for other women. Wife's counsel also argued that husband was

essentially an owner of BMST and that he had access and permission to use company money and

assets as his own. Husband's counsel argued that the transaction between Digital Ink and BMST

was legitimate, and defended husband's use of company funds. Husband's counsel also claimed

that wife was voluntarily unemployed and therefore that income should be imputed to her. Upon

completion of the arguments at trial, the judge informed the parties that he would rule after he

had the opportunity to review the transcript from the proceeding and the parties' respective

written submissions.

On December 13, 2017, the parties returned to the circuit court, and the judge announced

that he would read to the parties the letter opinion that he had prepared after the September 27,

2017 hearing.[2] On the issue of spousal support, the judge recited each factor listed in Code

§ 20-107.1(E). After stating each factor, he listed the facts that he found relevant to each factor.

On the last factor, however, in Code § 20-107.1(E), factor 13, he stated, "There was no evidence

---

[2] A letter opinion was never entered. Instead, the circuit court incorporated its oral
findings of fact into the final decree of divorce entered on March 26, 2018.

- 3 -

presented as to Factor 13." After considering and discussing each of these factors, the circuit court awarded wife $4,000 per month in spousal support.

The judge then told the parties:

> Now, in addition, in addition, the Court awards Ms. McGinnis a lump sum award of rehabilitative alimony of $150,000.00. In conjunction with the factors specified in the Code of Virginia, Section 20-107.1, the Court considered Ms. McGinnis's need for a lump sum award.
>
> Mr. McGinnis has failed to pay *pendente lite* support, demonstrating his future unwillingness to pay. Furthermore, Ms. McGinnis displays an immediate need for such an award in order to maintain herself.
>
> The lump sum rehabilitation alimony award is distinct and separate from the spousal support award. The Court views this award as equitable restitution for unjust enrichment by, of Mr. McGinnis, occasioned by his gross waste and dissipation of marital assets in this matter.

The judge then recited fourteen findings of fact that led him to make the "equitable restitution" award. These facts included specific findings regarding husband's spending on other women, his apparent ownership-type interest in BMST, his use of that company's assets, his sale of the Digital Ink building – a marital asset – for $1.25 million (of which he received $244,174 and wife received $0), and his failure to pay the mortgage on the marital home resulting in its foreclosure.

On March 23, 2018, the parties again appeared before the circuit court to address husband's objections to the circuit court's oral ruling – specifically, the $150,000 lump sum award. During argument regarding the appropriateness of the $150,000 award and how and when the award should be made, counsel for wife stated, "I think the Court made it absolutely clear this [the $150,000 lump sum award] is spousal support." At the conclusion of the arguments, however, the judge corrected her, stating:

All right.  Okay.  This issue of equitable restitution I would suggest to you it is not something that came to me in a dream. First of all, there is case law supporting that concept, and there is a Virginia case that discusses that concept.  Now, has it been accepted across the Commonwealth?  I don't know the answer to that, and in that regard, Ms. Bowen [husband's counsel], I think that in accordance with this other -- I think you have laid out essentially what I call a cornucopia of appellate issues, much better suited for the Court of Appeals than for me . . . .  Now, I understand the printing business went upside down for Mr. McGinnis, and I don't know that that was his fault that the printing business turned itself upside down, and I'm not suggesting it is, but what I am suggesting is there is a lot of unexplained asset disappearance in this case, and therefore this Court felt that the term which was taken from the case law of equitable restitution was very appropriate in this case.  If the Court of Appeals thinks I'm wrong, then so be it.  That's what they are there for.  If the parties choose to negotiate among themselves with regard to the payment of those funds, I don't have any problems with that, that those funds be separated in six-month intervals if that's what they want to do.  *But it's not support money for Mrs. McGinnis.  It's exactly what it is termed to be.  It's equitable restitution for assets that should have been transferred to her at some point in time that just went poof and disappeared.*

(Emphasis added.)

The judge told the parties that he was relying on two court opinions in making the award – Palmer v. Palmer, 21 Va. Cir. 112 (1990), from the Circuit Court of Fairfax County and Hubbard v. Hubbard, 603 P.2d 747 (Okla. 1979), from the Supreme Court of Oklahoma.

Husband's counsel then sought confirmation from the judge that the award was not spousal support.  Husband's counsel and the judge participated in the following exchange:

MS. BOWEN:  So, Your honor, just for clarification, are you re-characterizing the $150,000 as equitable restitution and not spousal support?

THE COURT:  I'm saying it's restitution of - - to Ms. McGinnis.

MS. BOWEN:  So it is not spousal support?

THE COURT:  It wasn't this Court's intent to make it spousal support.

- 5 -

Counsel for husband then explained to the judge that both parties had prepared draft orders and that both of the orders had characterized the lump sum award as spousal support because that was what they understood the award to be. The judge told counsel, "Well, it's not" and agreed that the draft final order should be revised in order to "re-characterize it [the lump sum award] as equitable restitution and eliminate reference to spousal support."

On March 26, 2018, the circuit court entered the final divorce decree granting the parties a divorce on the grounds of separation for more than one year. The order "incorporate[d] [the circuit court's] findings of fact as recited *ore tenus* on December 13, 2017." The final order states that husband "shall pay [wife], equitable restitution in the total amount of One-Hundred and Fifty-Thousand ($150,000) dollars" in three annual installments of $50,000. It also states "that there are no assets in the marital estate to equitably divide, and accordingly, there is no equitable distribution."[3]

## II. ANALYSIS

In husband's first assignment of error, he contends that the circuit court erred in awarding wife the $150,000 because it lacked the statutory authority to make an award of "equitable restitution." This issue presents a question of law, which we review *de novo*. See Lewis v. Lewis, 53 Va. App. 528, 542, 673 S.E.2d 888, 894 (2009).

Husband's argument is predicated on his conclusion that this award of "equitable restitution" was neither equitable distribution nor spousal support made under a different name. On appeal, wife argues that although "the trial court obfuscated matters" with its language, it

---

[3] The final order also states that wife shall pay husband $583 monthly in child support as husband has sole physical and legal custody of the children. Therefore, the final order requires husband to pay wife $3,417 per month ($4,000 per month in spousal support minus the $583 per month wife owes to husband in child support). The final order also notes that custody and visitation were resolved by a prior consent order entered on October 6, 2017. Those matters are not before this Court in this appeal.

intended the award to be spousal support made in "reliance upon factor thirteen (13) of Virginia Code § 20-107.1(E)." Therefore, we must first decide if the "equitable restitution" award was equitable distribution, spousal support, or an award of an entirely different nature.

The final divorce decree states "that there are no assets in the marital estate to equitably divide, and accordingly, *there is no equitable distribution.*" (Emphasis added.) "Virginia law recognizes a rebuttable presumption that 'trial courts speak only through their written orders.'" Dir. of the Dep't of Corr. v. Kozich, 290 Va. 502, 511, 779 S.E.2d 555, 559 (2015) (quoting McMillion v. Dryvit Sys., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001)). The final divorce decree in this case is clear that the $150,000 award was not an award of equitable distribution because there was no equitable distribution ordered in the divorce.

We also cannot conclude that the award in this case was spousal support. The final divorce decree does not expressly state that the award is not spousal support. However, at the end of the March 23, 2018 hearing, the judge agreed that the parties needed to redraft their proposed orders to characterize the award as equitable restitution – not spousal support. In the final order itself, the equitable restitution award follows the award of periodic spousal support, and it is based on "additional finding[s]" separate and apart from the findings supporting the award of spousal support. Furthermore, contrary to wife's argument that the award was made pursuant to the thirteenth factor in Code § 20-107.1(E), the judge specifically stated that "[t]here was no evidence presented as to Factor 13," and that finding was incorporated into the final divorce decree. Although at the December hearing the circuit court initially characterized the $150,000 as "rehabilitative alimony," the judge's statements at the later March hearing clearly dispel that notion. At the March hearing, the judge informed the parties that "[i]t wasn't this Court's intent to make it spousal support." That intent is reflected in the language of the final

order, and, as noted *supra*, a court speaks through its orders. Therefore, we certainly cannot conclude that the award was simply spousal support under another name.

Having determined that the award in this case was neither equitable distribution nor spousal support, we are left with the question of whether the trial court possessed the authority to make an award of "equitable restitution." In Reid v. Reid, 245 Va. 409, 429 S.E.2d 208 (1993), the Supreme Court recognized that the authority of a trial court in a divorce action is not without bounds. In that case, the Supreme Court held that a trial court lacked the authority to award restitution to a spouse for spousal support paid pursuant to an order that was later reversed. Id. at 419, 429 S.E.2d at 211. The Court stated, "The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case *sui generis*." Id. at 413, 429 S.E.2d at 210 (quoting McCotter v. Carle, 149 Va. 584, 593, 140 S.E. 670, 673 (1927)). Thus, the jurisdiction of a circuit court in divorce matters is "entirely statutory and limited." Id. at 415, 429 S.E.2d at 211 (quoting McCotter, 149 Va. at 592, 140 S.E. at 673). See Wroblewski v. Russell, 63 Va. App. 468, 478, 759 S.E.2d 1, 5 (2014) (stating that "precedent does not support the notion of an extra-statutory reservoir of authority for courts to draw from in divorce cases that would enable a court to grant relief based on a stricken pleading"). See also Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 752 (1980) ("As we have often said, jurisdiction in divorce suits is purely statutory."); Anthony v. Skolnick-Lozano, 63 Va. App. 76, 90-91, 754 S.E.2d 549, 556 (2014) ("Because 'the jurisdiction of a court in equity is "entirely statutory and limited" in divorce matters,' we conclude that in the context of the equitable distribution proceeding, the circuit court was limited to application of equitable distribution principles and did not have the authority to declare a resulting trust . . . ." (quoting Reid, 245 Va. at 414-15, 429 S.E.2d at 211)).

We find no statutory authority supporting the circuit court's award of equitable restitution. That term is absent from the statutory scheme governing divorce and its ancillary proceedings. Moreover, the opinions cited by the trial court do not authorize the making of an award of equitable restitution. First, Palmer v. Palmer, 21 Va. Cir. 112 (1990), a Virginia case from the Circuit Court of Fairfax County, is not binding precedent for this Court. Furthermore, even if Palmer were binding authority, the opinion does not support the making of such an equitable restitution award. In Palmer, the circuit court awarded Mrs. Palmer a lump sum award that the court referred to as "reimbursement alimony." Id. at 118-19. However, it was clear in that case that the award was a lump sum award of spousal support made pursuant to Code § 20-107.1. Id. at 119. The trial judge found that award "appropriate to balance the equities" after considering Mrs. Palmer's need and Mr. Palmer's ability to pay, where Mrs. Palmer had contributed both financially and non-financially during the marriage in order to allow Mr. Palmer to obtain the education necessary to obtain his dental license. Id. Second, Hubbard v. Hubbard, 603 P.2d 747 (Okla. 1979), the opinion from the Oklahoma Supreme Court cited by the circuit court judge, is neither binding on Virginia courts nor helpful in the resolution of this case because Oklahoma courts are, of course, not interpreting the Code of Virginia or limited by the statutory authority granted to Virginia circuit courts in divorce cases. Because the circuit court lacked the statutory authority to make the equitable restitution award made in this case, we find the circuit court erred in awarding wife $150,000 in "equitable restitution."[4]

---

[4] Husband's brief contains three assignments of error – each relating to the $150,000 lump sum award. Because we agree with husband that the trial court lacked the authority to award wife "equitable restitution," we do not address his additional assignments of error also arguing why the $150,000 lump sum award was error.

III. Conclusion

In short, in deciding divorce cases, circuit courts are limited to the authority granted to them by statute. The circuit court itself noted that the award made here was neither equitable distribution nor spousal support. Instead, the circuit court fashioned a remedy of "equitable restitution" – a remedy which it had no authority under statute to make in the context of a divorce proceeding. Therefore, for all of these reasons, we reverse the circuit court and vacate the award of $150,000 in "equitable restitution" to wife. The matter is remanded to the circuit court for entry of an order consistent with this opinion.

<u>Reversed, vacated in part, and remanded.</u>