# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*  **23rd**  *day of*  **April, 2024**.

Rasheem Watts,                                                                                          Appellant,

 against             Record No. 1132-22-1
                     Circuit Court Nos. CR16000355-04 and CR16000356-02

Commonwealth of Virginia,                                                          Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On April 2, 2024, the appellee, by the Attorney General of Virginia, filed a petition requesting that the Court set aside the judgment rendered on March 19, 2024, and grant a rehearing en banc on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the Court grants the petition for rehearing en banc and reinstates the appeal of those issues on the docket.  The Court stays the mandate previously entered in this case pending the Court's en banc decision.

The parties must file briefs in compliance with the schedule set forth in Rule 5A:35(b).


A Copy,

Teste:

A. John Vollino, Clerk

By:  *original order signed by a deputy clerk of the*
     *Court of Appeals of Virginia at the direction*
     *of the Court*

Deputy Clerk

Present:   Judges Fulton, Friedman and Chaney
Argued at Norfolk, Virginia

RASHEEM WATTS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1132-22-1                      JUDGE VERNIDA R. CHANEY
                                                    MARCH 19, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

Kelsey Bulger, Senior Appellate Attorney (Virginia Indigent Defense
Commission, on briefs), for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Rasheem Watts appeals two orders of the Circuit Court of the City of Suffolk revoking

his probation and suspended sentences on convictions for malicious wounding and firearm

possession as a convicted felon.  Watts's probation violations included his failure to follow the

probation officer's "special instructions" for gang members.  The circuit court sentenced Watts

to active incarceration for three years for violating his probation on the malicious wounding

conviction but did not impose a sentence of active incarceration for violating his probation on the

firearm conviction.

Watts contends that the circuit court erred in ruling that his failure to follow the probation

officer's "special instructions" for gang members was not a technical violation of probation

under Code § 19.2-306.1.  Watts also contends that the circuit court erred in failing to sentence

him within the statutory sentencing limits for the technical violation of his probation on the

_____
* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

underlying malicious wounding conviction.  Upon finding that the circuit court's written sentencing orders did not impose the probation officer's special gang-related instructions as conditions of Watts's probation, this Court holds that the circuit court erred in ruling that Watts's failure to follow these "special instructions" was *not* a technical violation of probation under Code § 19.2-306.1.  For the following reasons, this Court reverses the circuit court's judgment, vacates the sentence in Circuit Court Case No. CR16000356-02, and remands for resentencing consistent with this opinion and in accordance with Code § 19.2-306.1(C).

BACKGROUND

*A.  Prior Proceedings*

1.  Original Conviction and Sentencing

In May 2016, the circuit court convicted Watts of malicious wounding and firearm possession by a convicted felon.  On the malicious wounding conviction, the court sentenced Watts to incarceration for six years with four years and six months suspended, conditioned on five years of supervised probation.  On the firearm conviction, the court sentenced Watts to incarceration for five years with three years suspended.  The court conditioned both sentences on five years of supervised probation.  The sentencing orders also provided, as a condition of the suspended sentences and probation, that "[t]he defendant shall comply with all the rules and requirements set by the probation officer. . . .  The defendant shall have no contact with the victim, [E.W.], or his family members."

2.  Watts's First Probation Revocation

At a probation violation hearing on September 8, 2021, the circuit court found Watts in violation of the terms and conditions of his probation and revoked Watts's probation and suspended sentences.  The revocation sentencing orders, dated September 14, 2021 (September 2021 revocation sentencing orders), do not identify the probation violations that resulted in the

revocation of Watts's probation, and do not record whether the probation violations were technical or non-technical violations under Code § 19.2-306.1.

The court found Watts in violation of his probation and revoked his suspended sentences. On the malicious wounding conviction, the circuit court imposed the previously suspended sentence and re-suspended four years and six months. On the firearm conviction, the circuit court imposed the previously suspended sentence and re-suspended two years and six months. On both sentences, the court conditioned the suspended sentences on supervised probation for five years "under the same terms and conditions as previously ordered." The September 2021 revocation sentencing orders further provided, as a condition of the suspended sentences and probation, that "[t]he defendant must comply with all the rules and requirements set by the probation officer. Probation may include substance abuse counseling and/or testing as deemed necessary by the Probation Officer."

*B. Watts's Second Probation Revocation*

1. The Special Probation Instructions for Gang Members

After Watts served his first probation revocation sentence, his supervised probation began on January 5, 2022. On January 18, 2022, at the direction of his probation officer, Watts signed a form with the heading "Special Instructions—Confirmed Gang/STG Members." (R. 72, 228). The form identified Watts as a member of "Rollin 40's Gang/STG" and instructed Watts as follows:

> You have been placed on Supervision by the Virginia Parole Board and/or the Circuit Court. *Pursuant to Condition 6* of your Conditions of Supervision, having been confirmed as a gang/STG member, *you are now being directed to comply with the following instruction(s) as a requirement of your probation*.

(R. 228) (emphasis added). Watts's signature at the bottom of the form follows a list of "special instructions" and a statement "acknowledg[ing] receipt of the instruction(s) and agree[ing] to

- 3 -

comply with the instruction(s)." Watts's probation officer, Special Probation Officer Kathy Dunlow (SPO Dunlow), also signed the form.

2. The May 2022 Probation Violation Report

On May 17, 2022, SPO Dunlow filed a major violation report (May 2022 violation report) alleging that Watts had committed a second technical violation of probation. As the circuit court noted at the outset of the probation violation hearing in July 2022, the May 2022 violation report alleged that Watts (1) violated Probation Condition 4—requiring Watts to report to probation "within three working days of [his] release from incarceration, and as otherwise instructed thereafter"—and (2) violated Probation Condition 6—requiring Watts to "follow the Probation and Parole Officer's instructions and . . . be truthful, cooperative, and report as instructed."

The May 2022 violation report specifically alleged that Watts violated Probation Condition 4 by failing to report for three scheduled appointments with his probation officer, and violated Probation Condition 6 by failing to follow two of the probation officer's special instructions for gang members. Watts allegedly failed to follow his probation officer's special instructions to (a) "not associate or communicate with any known gang/STG members or be in the presence of where they are known to associate" and (b) "not wear, display, use, or possess any insignias, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts, or other articles of clothing that are evidence of gang/[street gang] membership or affiliation." Watts allegedly had repeated phone contact with multiple incarcerated gang members and posted on social media writings, photos, and a video showing his gang involvement.

- 4 -

### 3. The July 2022 Probation Violation Hearing

On July 8, 2022, the circuit court held a hearing on the probation violations alleged in the May 2022 violation report. At the outset of the hearing, the circuit court noted that the May 2022 violation report alleged violations of Probation Condition 4—failure to report to probation as instructed—and Probation Condition 6—failure to follow the probation officer's instructions and to be truthful and cooperative. The circuit court further noted that it was Watts's second alleged probation violation. No violation reports related to the prior probation revocation were introduced and admitted into evidence. The circuit court read into the record a portion of its prior September 2021 oral ruling:

> I also specifically incorporate as a special condition of your probation all the gang-related prohibitions that were in previous violation on your previous order that probation and parole puts on you. And so there's no confusion this is a special condition of probation. All those conditions that they put on you are going to be part and parcel of the order as a special condition of probation.

R. 170.[1] However, this oral ruling was not included in the written order.

Watts did not contest the alleged probation violations or the evidence set forth in the May 2022 violation report. By counsel, Watts stipulated to his commission of the alleged violations of Probation Conditions 4 and 6 and noted that the alleged violations were not special conditions but were technical violations under Code § 19.2-306.1. The circuit court responded, "Correct." (R. 169). Based on Watts's stipulations and the contents of the May 2022 violation report, the circuit court found Watts in violation of the terms and conditions of probation.

The circuit court then stated that the question regarding sentencing was whether the circuit court's prior oral ruling made the "gang-related prohibitions" "part and parcel of the order

---

[1] Judge Robert H. Sandwich, Jr. pronounced this bench ruling..

- 5 -

as a special condition of probation." (R. 169-70). The "Special Instructions" for gang members signed by Watts was admitted as Commonwealth's Exhibit 1.

SPO Dunlow testified that the probation revocation sentencing guidelines she initially prepared and submitted identified Watts's probation violation as a second technical violation. SPO Dunlow further testified that she had determined it was a second technical violation based on her review of the prior written revocation sentencing order, which did not order any gang-related conditions. SPO Dunlow also testified that the original sentencing order did not include any gang-related conditions on Watts's probation. SPO Dunlow acknowledged that she gave Watts the special instructions for gang members pursuant to Condition 6 of the conditions of supervision. (R. 178).

The circuit court stated that it reviewed the September 2021 revocation sentencing order and found no use of the phrase "special conditions" and no "gang conditions" in the order. (R. 191-92). The circuit court opined, "I don't think it has to be in the order." (R. 193). The circuit court stated its finding that Watts violated a "special condition of his suspended sentence."

The circuit court further stated that it was exercising its authority to check the box on the sentencing guidelines form for violating special gang member conditions. The circuit court pronounced, "[T]herefore, the fourteen-day limit does not apply. So I do find that he has violated the special conditions."

The circuit court also pronounced that Watts "has violated the oral order that . . . [the circuit court] intended to enter." Additionally, the circuit court found that Watts "violated the order, the written order that was entered because it says he is supposed to follow all instructions of probation, and that included special gang instructions." Based on these findings, the circuit

court concluded that "the appropriate guidelines are the ones that call for zero to six months of active time."

The circuit court revoked Watts's four-year suspended sentence and imposed a sentence of incarceration for four years, with one year suspended. This appeal followed.

ANALYSIS

Watts contends that the circuit court erred in (1) ruling that his probation violations for failing to follow the probation officer's "special instructions" for gang members were not technical violations under Code § 19.2-306.1 and (2) failing to sentence him within the sentencing limits under Code § 19.2-306.1 for a technical violation of his probation on the underlying malicious wounding conviction.

On appellate review of the circuit court's revocation of a defendant's probation and suspended sentence, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). A "[circuit] court by definition abuses its discretion when it makes an error of law." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (alteration in original). "To the extent that appellant's assignment of error raises a question of statutory interpretation, that question is reviewed *de novo* on appeal." *Jacobs*, 61 Va. App. at 535. But we give deference to the circuit court's interpretation of its own orders, if reasonable. *See Hodgins v. Commonwealth*, 61 Va. App. 102, 108 (2012); *Roe v. Commonwealth*, 271 Va. 453, 457-58 (2006). "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." *Roe*, 271 Va. at 458.

I. The circuit court's prior oral ruling—not incorporated in the written sentencing orders—imposed no conditions of probation.

The circuit court erred in ruling that Watts's probation violation was a non-technical violation under Code § 19.2-306.1 upon finding that Watts violated a "special condition" of probation imposed by the court's prior oral ruling. At the July 2022 probation violation hearing, the circuit court found Watts in violation of his supervised probation upon Watts's stipulation that (1) he failed to report as instructed to three scheduled appointments with his probation officer and (2) he failed to follow his probation officer's instructions to (a) refrain from contact with gang members and (b) refrain from wearing, displaying, using, or possessing clothing or other objects that show gang membership or affiliation. Watts also stipulated that he signed a written form listing special probation instructions for gang members, which included the instructions that he allegedly and admittedly failed to follow.[2]

In deciding whether Watts's probation violations were technical violations subject to the sentencing limits under Code § 19.2-306.1, the circuit court examined the September 2021 revocation sentencing orders to determine whether the conditions of Watts's suspended sentences and probation included "special conditions" related to Watts's probation violations. The circuit court found that the written revocation sentencing orders did not impose any gang-related probation conditions.

Although the September 2021 revocation sentencing orders did not impose any gang-related conditions of probation, the circuit court ruled that it imposed special gang-related probation conditions through its oral ruling at Watts's first probation revocation hearing. Based on the circuit court's prior oral ruling and the circuit court's finding that the gang-related

---

[2] This revocation hearing also alleged other, undisputedly technical violations. But Code § 19.2-306.1 explains that multiple technical violations count as a single violation when adjudicated in the same hearing. Thus, we focus only on determining whether the gang-related conditions imposed a technical probation requirement.

prohibitions were "special conditions" of probation, the circuit court concluded that Watts's probation violation was not a technical violation under Code § 19.2-306.1.

The circuit court erred in ruling that its oral ruling at Watts's first revocation hearing imposed gang-related probation conditions on Watts. "[I]t is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *Walton v. Commonwealth*, 256 Va. 85, 94 (1998) (quoting *Davis v. Mullins*, 251 Va. 141, 148 (1996) (applying the principle in a capital murder case in which the trial court's statement from the bench conflicted with the sentencing order)). "When a court's statements from the bench conflict with its written order, the order controls." *Anonymous B v. Anonymous C*, 51 Va. App. 657, 672 (2008). Given that the September 2021 revocation written sentencing orders do not include any probation conditions requiring Watts to refrain from gang involvement, this Court finds that the circuit court did not order Watts's compliance with the "special instructions" for gang members as conditions of his probation and suspended sentence.

The Commonwealth contends that the circuit court "explicitly incorporated the specialized gang conditions as a special condition of Watts's probation." Appellee's Br. 10-11. In support of this contention, the Commonwealth references the court's pronouncements in the transcript of Watts's first revocation proceeding, not the written revocation sentencing orders entered after that hearing. As the circuit court found and the record shows, the written revocation sentencing orders did not include the gang-related special instructions as conditions of Watts's probation.

The Commonwealth argues that in keeping with the obligation of appellate courts to defer to the circuit court's interpretation of its orders, this Court should treat the circuit court's oral bench ruling at Watts's prior probation revocation hearing as the court's order imposing the conditions of Watts's probation. *See Roe*, 271 Va. at 458 (holding that Virginia appellate courts

accord deference to a circuit court's reasonable interpretation of its own orders). However, the circuit court did not interpret its written sentencing orders to include the gang-related probation conditions at issue. Rather, the circuit court treated its oral ruling as an enforceable order, notwithstanding its determination that the written sentencing orders did not expressly impose the gang-related probation conditions. *See Yazdani v. Sazegar*, 76 Va. App. 261, 271 (2022) ("In reviewing an agreement for evidence of waiver, '[c]ourts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein.'" (quoting *Southerland v. Estate of Southerland*, 249 Va. 584, 590 (1995))).

The Commonwealth argues that Virginia law merely *presumes* that a trial court speaks only through its written orders and that this presumption was rebutted here. *See McGinnis v. McGinnis*, 69 Va. App. 572, 578 (2018) ("Virginia law recognizes a rebuttable presumption that 'trial courts speak only through their written orders.'" (quoting *Dir. of the Dep't of Corr. v. Kozich*, 290 Va. 502, 511 (2015))). The Commonwealth contends that the transcript of Watts's prior revocation hearing shows that the circuit court intended to impose the gang-related special instructions as conditions of Watts's probation.

But "[t]he subjective intentions of a judge upon entering a written order cannot change its character or legal efficacy." *Kozich*, 290 Va. at 511. Therefore, the circuit court's oral announcement of incorporating the gang-related conditions does not overcome the presumption that circuit courts speak only through their written orders. The presumption is typically rebutted by a record showing that a written order contains a clerical mistake or error due to oversight or inadvertent omission. Code § 8.01-428(B). Those corrections can be made only if they are supported by the record. *Sch. Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 555 (1989), *superseded by statute on other grounds as recognized in Hill v. Hill*, 2021 Va. App. LEXIS 208, *7 n.2 (Nov. 16, 2021) ("In the aftermath of the *School of Board of*

*Lynchburg* case, the General Assembly enacted Code § 8.01-428(C), and by its express terms permitted a 'circuit court' to extend the deadline to note an 'appeal therefrom' under certain circumstances.").

*This* record—where the circuit court had multiple opportunities to issue written, gang-related conditions, but did not do so—does not show mere oversight or inadvertence under Code § 8.01-428(B). Moreover, the Commonwealth was free to move the circuit court to clarify the sentencing order if it did not reflect the court's intent. It did not do so. *See Stamper v. Commonwealth*, 220 Va. 260, 280 (1979) ("In the absence of objection, we deem the order of the trial court to contain an accurate statement of what transpired."). Upon review of the prior revocation sentencing orders, this Court concludes that the record supports the circuit court's finding that the probation conditions imposed in these sentencing orders do not include the "special instructions" for gang members.

The presumption that a circuit court speaks only through its written orders can be rebutted by a record showing that a written order contains a clerical mistake or error due to oversight or inadvertent omission. Code § 8.01-428(B) (authorizing circuit courts to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission"). "The court has the power to correct the record under Code § 8.01-428(B) only 'when the record clearly supports such corrections.'" *School Bd. of Lynchburg*, 237 Va. at 555 (quoting *Cutshaw v. Cutshaw*, 220 Va. 638, 641 (1979)). After notice to the parties, the circuit court is authorized to make such corrections at any time, with restrictions during the pendency of an appeal.[3] *See* Code § 8.01-428(B). The circuit court may make such corrections "on its own initiative or upon the motion of any party." *Id.*

_____

[3] "During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court." Code § 8.01-428(B).

The record indicates the omission of the gang-related probation conditions from the prior revocation sentencing orders may have been deliberate and based on a mistake of law, rather than a clerical mistake or error from oversight or inadvertent omission. The circuit court ruled, and the Commonwealth now contends, that by expressly requiring Watts to "comply with all the rules and requirements set by the probation officer," the prior revocation sentencing orders imposed a "special condition" of probation that rendered any failure to follow the probation officer's instructions a non-technical violation of probation. On this assumption, it would have been considered unnecessary to expressly incorporate the gang-related probation conditions pronounced in the oral bench ruling. Under such circumstances, the presumption that the circuit court "speaks" the imposed probation conditions only through its written sentencing orders would not be rebutted by the transcript of the oral pronouncement of the gang-related probation conditions. Contrary to the circuit court's ruling and the Commonwealth's contention, the prior revocation sentencing orders did not impose a non-technical "special condition" of probation by expressly conditioning Watts's probation on the requirement to "comply with all the rules and requirements set by the probation officer."

Our dissenting colleague argues that the circuit court can interpret the written order to include gang-related conditions as substantive conditions, because the circuit court's oral pronouncement makes that interpretation a part of the record. *See Post* at 22. Respectfully, we disagree. The dissent cites a Supreme Court of Appeals of West Virginia case to support this proposition that a circuit court may, through interpretation, inject new meaning into a written order. *Id.* (citing *State ex rel. Moore v. Munchmeyer*, 197 S.E.2d 648, 653 (W. Va. 1973) (quoting *Beecher v. Foster*, 66 S.E. 643, 645 (W. Va. 1909))). But that proposition does not find any support in Virginia law. To the contrary, our Court has held "when the trier of fact issues an opinion *at the time its decree is entered*, the opinion is instructive as to the decree's reasoning

- 12 -

and, by extension, its effect." *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 130 (1999) (emphasis added) (citing, *e.g.*, *Munchmeyer*, 197 S.E.2d at 653). The order here does not mention gang-related probation conditions. Rather, the trial court injected an absent condition into the written order long after the fact, which is akin to rewriting the order, not interpreting the order.

II. The circuit court erred in ruling that Watts's probation violation is a non-technical violation based on its finding that Watts violated a "special condition" of probation.

A. *The circuit court found that Watts violated a "special condition" of probation.*

The circuit court concluded that Watts violated a "special condition" of probation upon considering the probation sentencing guidelines form and the form listing the probation officer's "special instructions" for gang members. The circuit court noted that the probation conditions listed on the sentencing guidelines form include "Special Gang Member Conditions/Instructions." The court ruled that the box next to "Special Gang Member Conditions/Instructions" should be checked because Watts violated his probation officer's "special instructions" for gang members. Upon finding that Watts thereby violated a "special condition" of probation, the circuit court ruled that the 14-day statutory maximum sentence for second technical probation violations did not apply. *See* Code § 19.2-306.1(C).

The circuit court's finding that Watts violated a "special condition" of probation is also based on the court's consideration of the probation conditions stated in the September 2021 revocation sentencing order. Although the sentencing order does not include any gang-related probation conditions, the circuit court noted that the order provides, as a condition of the suspended sentence and probation, that "[t]he defendant must comply with all the rules and requirements set by the probation officer." The circuit court ruled that because the September 2021 revocation sentencing order conditions Watts's probation on his compliance

- 13 -

with the probation officer's instructions, Watts violated a "special condition" of probation by violating the probation officer's instructions to refrain from gang involvement.

> ### B. A violation of a "special condition" of probation is not necessarily a non-technical violation under Code § 19.2-306.1.

The circuit court erroneously ruled that because Watts violated a "special condition" of probation, his probation violation was a non-technical violation under Code § 19.2-306.1. Upon finding that Watts violated a "special condition" of probation by violating the probation officer's "special instructions" for gang members, the circuit court ruled that its sentencing power was not limited by the statutory sentencing limits for first and second technical probation violations. *See* Code § 19.2-306.1(C). Upon finding that Watts violated a "special condition" of probation under the September 2021 revocation sentencing orders, the circuit court ruled that "therefore[,] his violation of the special instructions for confirmed gang members is not a technical violation as set forth in the statute."

After the circuit court sentenced Watts for a non-technical probation violation, this Court issued its opinion in *Delaune*, rejecting the contention that a violation of any "special condition" of probation is a non-technical violation for purposes of sentencing under Code § 19.2-306.1. *See Delaune v. Commonwealth*, 76 Va. App. 372, 382-83 (2023), *aff'd*, ___ Va. ___ (Dec. 14, 2023). As explained in *Delaune*, the sentencing limits for first and second technical probation violations apply if the violation is based on conduct defined as a "technical violation" in the ten technical violations enumerated in Code § 19.2-306.1(A). *Id.*

In *Delaune*, the defendant's suspended sentence was revoked based, in part, on the defendant's use of controlled substances. The sentencing order that placed Delaune on supervised probation required her to "be drug-free" as a condition of the probation and suspended sentence. The trial court ruled that Delaune's probation violation was a special, non-technical violation because her drug use violated a special condition of probation imposed in the sentencing order. In

- 14 -

reversing this ruling, this Court held that "[w]hen the violation conduct matches the conduct listed in Code § 19.2-306.1(A), it is, by definition, a "technical violation." *Delaune*, 76 Va. App. at 383. Delaune's drug use was a technical violation because clause (vii) of Code § 19.2-306.1(A) defines "technical violation" to include a probationer's failure to "refrain from the use, possession, or distribution of controlled substances." Therefore, *whether or not a condition of probation is labeled a "special condition" or included in the sentencing order as a condition of the suspended sentence*, a violation of the condition is a technical violation under Code § 19.2-306.1 if the violation is based on the probationer's failure to comply with any of the ten requirements set forth in Code § 19.2-306.1(A).

C. *Watts's probation violation is a technical violation under Code § 19.2-306.1.*

Both of Watts's probation violations are technical violations under Code § 19.2-306.1. Watts's failure to report as instructed for three scheduled meetings with his probation officer is a technical violation because clause (v) of Code § 19.2-306.1(A) defines "technical violation" as "a violation based on the probationer's failure to . . . report as instructed" to the probation officer. *See* Code § 19.2-306.1(A). Watts's failure to follow his probation officer's instructions to refrain from gang involvement is a technical violation because clause (v) of Code § 19.2-306.1(A) also defines "technical violation" as "a violation based on the probationer's failure to . . . follow the instructions of the probation officer." Because Watts's violation conduct "matches the conduct listed in Code § 19.2-306.1(A), it is, by definition, a 'technical violation.'" *Delaune*, 76 Va. App. at 383.

The label "special instructions" on the probation officer's gang-related instructions is not relevant in determining whether the failure to follow these instructions is a technical violation under Code § 19.2-306.1. In construing this statute, "our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Blake v. Commonwealth*,

288 Va. 375, 381 (2014) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). In defining a "technical violation" of probation to include a probationer's "failure to . . . follow the instructions of the probation officer," the General Assembly made no exception for instructions labeled "special instructions." *See* Code § 19.2-306.1(A). "Appellate courts 'must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute.'" *Henthorne v. Commonwealth*, 76 Va. App. 60, 66 (2022) (quoting *Jordan v. Commonwealth*, 295 Va. 70, 75 (2018)). Thus, Code § 19.2-306.1(A)(v) cannot reasonably be construed to include an exception for a probationer's failure to follow the "special instructions" of the probation officer. We decline to read an exception for "special instructions" into Code § 19.2-306.1(A)(v). *See Henthorne*, 76 Va. App. at 67 ("[C]ourts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." (alteration in original) (quoting *Young v. Commonwealth*, 273 Va. 528, 534 (2007))). Therefore, Watts's failure to follow his probation officer's instructions to refrain from gang involvement is a technical probation violation under Code § 19.2-306.1.

The Commonwealth argues that Watts's probation violation was not a technical violation because a probationer's failure to comply with "special gang instructions" does not match any conduct identified as a technical violation in Code § 19.2-306.1(A). But under the description "*failure to follow the instructions of the probation officer* to comply with 'special gang instructions,'" Watts's violation conduct does match conduct statutorily defined as a technical violation in Code § 19.2-306.1(A). Thus, to determine whether Watts's probation violation is a technical violation, we must first determine the appropriate description of Watts's violation conduct.

To determine whether, for purposes of Code § 19.2-306.1, a probationer's violation conduct is appropriately described as a failure to follow the instructions of the probation officer, we must determine whether the probation officer's instructions relate to a court-ordered condition of the

probationer's suspended sentence and probation. When a probationer fails to comply with a court-ordered probation condition to do or refrain from doing specified conduct that "does not fall within any of the ten enumerated technical violations under Code § 19.2-306.1(A)," the violation conduct is a "*failure to follow* the *instructions of the court*." *See Burford v. Commonwealth*, 78 Va. App. 170, 183-84 (2023) (emphasis added). As this Court held in *Burford*, such a probation violation is a non-technical violation under Code § 19.2-306.1(A). *Id.* at 183. Therefore, under circumstances where a probationer fails to follow a probation officer's instructions to comply with such a court-ordered condition of probation, the probationer's violation conduct is not properly described as "a failure to follow the instructions of the probation officer" for purposes of Code § 19.2-306.1.

The Commonwealth describes Watts's violation conduct as a failure to comply with "special gang instructions" imposed by the circuit court. However, as the record shows and the circuit court acknowledged, the circuit court's prior revocation sentencing order does not include any gang-related instructions as conditions of Watts's suspended sentence and probation. The Commonwealth asks this Court to give effect to an oral ruling that is not incorporated in the circuit court's written order. This Court cannot accept the Commonwealth's invitation to depart from binding precedent holding that "a trial court speaks only through its written orders." *Walton*, 256 Va. at 94 (quoting *Davis*, 251 Va. at 148).

The circuit court's prior revocation sentencing order did not impose any condition on Watt's suspended sentence and probation incorporating the gang-related instructions signed by Watts at the direction of his probation officer. Therefore, *but for the probation officer's instructions*, the terms of Watts's probation would not require his compliance with the special instructions for gang members. Under these circumstances, Watts's violation conduct is properly

described as a "failure to follow the instructions of the probation officer," and is a technical probation violation under Code § 19.2-306.1.[4]

> III. The circuit court erred in failing to sentence Watts within the statutory sentencing limits for a second technical violation of probation.

The probation violations at issue in this appeal collectively constitute a single technical violation of probation. Since Code § 19.2-306.1(A) provides that multiple technical violations considered at the same revocation hearing constitute a single probation violation for purposes of sentencing under Code § 19.2-306.1, Watts's multiple technical violations count as a single technical violation. *See* Code § 19.2-306.1(A).

Since Watts had only one prior probation revocation, in September 2021, the technical violation at issue here is, at most, Watts's second technical violation. Whether Watts's technical probation violation is a first or second technical violation depends on whether Watts's prior revocation was for a technical violation of probation. *See Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (holding that Code § 19.2-306.1 requires evidence of two prior technical violations before a defendant may be sentenced for a third technical violation). Here, the prior revocation sentencing order does not identify the probation violations that resulted in the probation revocation and does not state whether the probation violations were technical or non-technical. Nor did the Commonwealth introduce in evidence the violation reports related to the prior probation revocations. But Watts's probation officer testified, without objection, that the sentencing guidelines she initially submitted were for a second technical violation. Moreover, Watts argued to the circuit court that if the court concluded that his probation violation was a technical violation, the

---

[4] This holding is not inconsistent with this Court's holding in *Thomas v. Commonwealth*, 77 Va. App. 613, 625 n.10 (2023) ("[N]either party suggests that subsection (A)(v) [of Code § 19.2-306.1] controls the outcome of this appeal, and we are conscious of the requirement to decide cases on the best and narrowest ground. . . . Therefore, we do not address whether the appellant's alcohol and drug violations were technical ones under subsection (A)(v) or whether a properly presented claim based on that subsection would have resulted in a different outcome.").

- 18 -

14-day maximum sentence for a second technical violation would apply. Because the record supports a finding that Watts's prior probation violation was a technical violation, we conclude that the circuit court should have sentenced Watts for a second technical violation of probation.

The circuit court sentenced Watts to a period of active incarceration that exceeds the statutory maximum sentence for a second technical violation of probation. Under Code § 19.2-306.1(C), there is "a presumption against imposing a sentence of a term of active incarceration for any second technical violation" of probation. Code § 19.2-306.1(C). "However, if the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation and he cannot be safely diverted from active incarceration through less restrictive means, the court may impose *not more than 14 days of active incarceration* for a second technical violation." *Id.* The circuit court exceeded this limit by imposing a sentence of active incarceration for three years. Because the circuit court unlawfully imposed a sentence of active incarceration that exceeds the statutory maximum sentence for a second technical probation violation, Watts must, therefore, be resentenced.

CONCLUSION

The circuit court erred in ruling that Watts's failure to follow the probation officer's "special instructions" for gang members was not a technical violation of probation under Code § 19.2-306.1. The circuit court further erred in imposing a sentence of active incarceration that exceeded the statutory maximum sentence for a second technical violation of probation under Code § 19.2-306.1(C). Therefore, this Court reverses the circuit court's judgment, vacates the revocation sentencing order in Circuit Court Case No. CR16000356-02, and remands for resentencing consistent with this opinion and in accordance with Code § 19.2-306.1(C).

*Reversed, vacated, and remanded.*

Fulton, J., dissenting.

This case presents an occasion to clarify the contours of Code §§ 19.2-306 and -306.1. Watts argues—and the majority agrees—that the gang-related prohibition imposed upon him is a technical violation under Code § 19.2-306.1(A)(v), which requires that he "follow the instructions of the probation officer, be truthful and cooperative, and report as instructed." In effect, Watts argues that, despite its later adoption by the trial court, because the "Special Instructions" form he signed was given to him by the probation officer, that condition was an "instruction[] of the probation officer" under Code § 19.2-306.1(A)(v)—which would be merely a technical violation. Watts's construction turns the statute on its head.

Since I disagree with Watts and the majority's assertion that the trial court abused its discretion in interpreting its own order, I respectfully dissent from the majority's decision to reverse Watts's probation revocation. Instead, I would affirm Watts's sentence on the ground that the September 14, 2021 probation revocation order contained sufficient language as to incorporate the oral pronouncements made by the trial court[5] during the September 8, 2021 revocation hearing.

As pertinent here, the trial court saw fit to incorporate the gang-related provisions initially imposed by Watts's probation officer into the trial court's own probation revocation order. Specifically, the trial court imposed as a special condition of Watts's probation "all the gang related prohibitions" that probation and parole had earlier placed on Watts. Thereafter, upon his release, Watts was again placed on probation and once again, his probation officer directed Watts to refrain from contacting his former gang associates or engaging in any gang

---

[5] Judge Sandwich presided over the September 8, 2021, revocation hearing. Judge Farmer presided over the July 8, 2022 hearing, and ultimately issued the order revoking Watts's probation and imposing the active sentence.

activity. Nevertheless, Watts yet again violated these gang-related conditions, and on May 17, 2022, his probation officer filed a major violation report.

The issue presented in this case is whether the trial court properly interpreted the written orders issued following the first revocation hearing as incorporating the gang member instructions as a special condition, despite the absence of any explicit language in the written orders. Both parties, as well as the majority, concede that a trial court may interpret its own order and that this interpretation must receive deference on appeal. *Hodgins v. Commonwealth*, 61 Va. App. 102, 108 (2012). Watts argues, however, that courts speak only through their written orders and that the trial court's interpretation exceeds the "four corners" of the written orders. *Cf. McGinnis v. McGinnis*, 69 Va. App. 572, 578 (2018); *Smoot v. Commonwealth*, 37 Va. App. 495, 500 (2002) ("Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously. Furthermore, an order must be interpreted within its four corners." (citations omitted)). Further, Watts argues that there is a presumption that written orders more accurately reflect the judgment of the court than the trial transcript. *Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). However, as the Commonwealth notes, this is a "rebuttable presumption." *McGinnis*, 69 Va. App. at 578. "[A] reviewing court must read [written] orders in context." *Cellucci v. Commonwealth*, 77 Va. App. 36, 51 (2023) (en banc). This Court also has held, "in construing an order . . . that does not conflict with the transcript, a reviewing court may consider the lower court's statements from the bench to determine what construction a lower court has placed on its own order." *Anonymous B v. Anonymous C*, 51 Va. App. 657, 672 (2008).

Here, the trial court, in pronouncing the terms of Watts's probation, expressly made the gang provisions ordered by the probation officer a "special condition" of the court, stating:

> I also specifically incorporate as a special condition of your
> probation all the gang related prohibitions that were in the previous

- 21 -

violation, or your previous order that the probation and parole puts on you. *So that there's not confusion, this is a special condition of probation. All those conditions that they put on you are going to be part and parcel of the order as a special condition of probation.*

(Emphasis added).

I would find that, notwithstanding that the trial court did not expressly include any language in its written order pertaining to this "gang-related special condition," the trial court was entitled to interpret the written order to include the above-mentioned special condition. *See State ex rel. Moore v. Munchmeyer*, 197 S.E.2d 648, 653 (W. Va. 1973) ("[T]his Court will construe a judgment order as sufficient although it does not contain specific adjudicatory language, if adjudicatory language is found in the opinion which is made part of the record by order. . . . 'In construing a decree the intent of the court granting it will be looked to, and provisions may accordingly be sometimes implied. The decree will be construed and restricted in accordance with the pleadings and even with reference to other parts of the record.'" (quoting *Beecher v. Foster*, 66 S.E. 643, 645 (W. Va. 1909))). The gang-related provisions at issue here were originally imposed only by the probation officer, pursuant to her authority as such. However, after Watts's first violation, the trial court thereafter orally adopted those provisions. The court stated that, going forward, those same provisions were now "part and parcel" of the trial court's own probation revocation order. The trial court then memorialized this oral ruling in its written order, by stating that Watts would be placed on probation "under the same terms and conditions as previously ordered" and Watts "must comply with all the rules and requirements, set by the probation officer." I would hold that the trial court was within its discretion to interpret its own written order to include the substance of the oral pronouncement.

The majority makes several claims which I disagree with. First, the majority states that "[t]he circuit court found that the written revocation sentencing orders did not impose any gang-related probation conditions." The majority then goes on to conclude that, even though the

- 22 -

*written* order did not contain the gang-related provisions, the trial court found that the *oral* ruling was sufficient to impose these conditions. I disagree with the majority's framing of the record here, as the trial court actually determined that the written order *did* in fact contain reference to the gang-related probation provisions, albeit not expressly. The trial court did not purport to rely solely on the oral statements made at the September 8, 2021 hearing, but instead simply referenced those statements in interpreting the words of the *written* order. In doing so, the trial court found a *textual anchor* in the written order, namely, that: (1) the written order stated that Watts was placed on supervised probation "under the same terms and conditions as previously ordered" and (2) "[t]he defendant must comply with all the rules and requirements set by the probation officer." The trial court read these express mandates as containing the oral pronouncements made by Judge Sandwich. In my view, the trial court's interpretation falls squarely within the deference given to trial courts to interpret their own orders, and does not go beyond the bounds of reasonability, as a reasonable jurist could interpret the words "all the rules and requirements set by the probation officer" to include the former gang-related provisions that the probation officer had imposed during Watts's initial period of probation. Watts simply states that the order was unambiguous and thus the inclusion of the oral statements was unreasonable. But the plain meaning of "previously ordered" could include the oral ruling at the hearing combined with the prior sentencing order. Judge Sandwich clearly and definitively stated in the presence of both parties that the gang member instructions were to be special conditions of probation, thereby clarifying any ambiguity as to whether the gang-related prohibitions were special conditions. These direct statements are more than the mere "subjective intentions" of a judge when entering a written order. *Dir. of the Dep't of Corr. v. Kozich*, 290 Va. 502, 511 (2015). Given the ambiguity contained in the subsequent written order, as well as the definitiveness of Judge Sandwich's prior statements at the first revocation hearing, Watts fails to

establish why we should not defer to the trial court's interpretation of the order following the first revocation hearing, incorporating the gang member instructions as a special condition of Watts's probation.

Next, the majority acknowledges that "[t]he presumption that a circuit court speaks only through its written orders can be rebutted by a record showing that a written order contains a clerical mistake or error due to oversight or inadvertent omission." (citing Code § 8.01-428(B)). As a secondary matter, I would alternatively interpret the trial court's ruling as a recognition that the September probation revocation order contained a clerical error, by omitting express language regarding the gang provisions, but that the trial court nonetheless corrected any such omission on the record by interpreting the September orders to include those provisions. The record reveals that the Commonwealth asked the court to continue the case so as to consider the September order in light of the oral comments made to Watts and his counsel at the hearing. This indicates that the Commonwealth recognized a potential textual deficiency in the order and brought the trial court's attention to it. The fact that the trial court ultimately determined that no textual deficiency existed further supports deference to the trial court's interpretation of its own order. And moreover, should this Court determine that the text of the order in fact *does not* contain language sufficient to contain the relevant gang-related provisions, the appropriate remedy here would be to remand to the trial court for clarification as to any potential clerical error. Our Court has recently recognized that we may, on appellate review, remand the case to the trial court for clarification, should we determine that a clerical error exists. *See Greene v. City of Portsmouth*, No. 1461-22-1, slip op. at 19 (Va. Ct. App. Mar. 19, 2024) (this day decided) (recognizing that clerical errors that "cause a final decree or the court's record to fail to 'speak the truth'" should be remanded to the trial court for correction). Thus, to the extent that the

- 24 -

written order *is* deficient, the appropriate remedy here is not to reverse Watts's sentence, but instead to remand to the trial court for that court to determine if a clerical error exists.

Finally, the majority cites *Delaune v. Commonwealth*, 76 Va. App. 372 (2023), for the proposition that "[a] violation of a 'special condition' of probation is not necessarily a non-technical violation under Code § 19.2-306.1." While I of course agree with this general proposition, in this particular case, Watts's violation of the gang-related probation provisions *is* a special, non-technical violation because the trial court explicitly said so. The majority's interpretation places undue significance on the probation officer's role in administering probation and turns Code § 19.2-306.1 on its head.

It is the trial court, not the probation officer, that possesses the authority to specify the terms and conditions of a probationer's probation. Probation is, after all, a tool for the trial court to deploy in order to help rehabilitate an offender. *See Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Watts's contrary interpretation of the statute would allow technical violation (v)—the requirement that a probationer "follow the instructions of the probation officer"—to swallow a trial court's ability to set and enforce these types of gang-related conditions as special conditions of probation. The majority's interpretation of the statute would turn any court-ordered provision into a probation officer's "instruction" any time the probation officer directed or enforced such provision. This contravenes the traditional understanding of the trial court's role in setting the terms and conditions of probation, as well as the court's specific statutory authority reflected in Code § 19.2-303, which recognizes a trial court's ability, after determining that a defendant was an active participant or member of a criminal street gang, to "place reasonable restrictions on those persons with whom the [defendant] may have contact." The trial court's order requiring Watts to comply with his probation officer's gang-related prohibitions and incorporating that prohibition as a special condition of the

- 25 -

trial court is not a mere technical violation under Code § 19.2-306.1(A)(v), but the trial court's own special condition.

In coming to this conclusion, I would note several important caveats that are specific to this case. First, the facts of this case are unique, in that the trial court expressly adopted the gang-related prohibition as a special condition at the hearing. Therefore, there was no question of notice to the defendant.[6] Next, though the language contained in the written order is "boilerplate," the unique set of facts and context in this case support the trial court's interpretation of that general language to contain the specific gang-related prohibition as the court's own special condition. I would not view this as an invitation for the Commonwealth to utilize the same or similar boilerplate language in another case as a broad "catch-all" provision to conjure other special conditions cherry-picked from different portions of a transcript. Finally, I would reiterate that my interpretation would not alter or impinge upon the principles set out in *Delaune*, that: (1) the "General Assembly specifically defined 'technical violation' to include any 'violation based on' [the] specified conduct" contained in Code § 19.2-306.1(A); (2) determining whether a violation is technical in nature requires us to consider whether "the violation conduct matches the conduct listed in Code § 19.2-306.1(A)"; (3) Code § 19.2-306.1(A) "focuses on the underlying violation conduct itself, not the particular language or label a trial court may have used in imposing a condition of probation"; and (4) the trial court cannot arrogate to itself the power to transform any conduct listed in Code § 19.2-306.1(A) from a technical violation into its own special condition. 76 Va. App. at 382-83. Here, the trial court has not transformed the conduct contained in subsection (v) of the statute into its own special condition. Rather, Watts's strained construction of the statute attempts to transform the trial

---

[6] On appeal, counsel for Watts admitted as much during oral argument.

court's special condition regarding contact with gang affiliates into the probation officer's instruction.

Code § 19.2-306.1(A) does not define "technical violations" broadly, but instead specified a limited number of types of conduct that fall within the ambit. Further, the code section expressly recognizes that certain conduct may be proscribed by the trial court by creating "special conditions" unique to the offender. And these "special conditions" may include certain conduct that would not constitute a new law violation. In an instance like here, where both the trial court and the probation officer directed a certain special condition of probation, the probation officer's concurrent direction cannot supersede the trial court's direction and transform the violation into a technical violation under Code § 19.2-306.1(A)(v). That reading of the statute would turn the traditional nature and understanding of the administration of probation on its head. If the General Assembly meant to define all "non-new law violations" as technical violations, it could have done so; but it did not. I would therefore decline to adopt such a construction of the statute.

Consequently, for all of these reasons, I would affirm Watts's probation revocation sentence, or in the alternative, remand to the trial court to determine whether a clerical error had occurred. Therefore, I respectfully dissent.